UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RODNEY LIONEL BRADY,

        Plaintiff,                        Case No. 1:08-cv-839

v.                                          Honorable Paul L. Maloney

INGHAM COUNTY CORRECTIONAL
FACILITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff originally filed his action in the Eastern District of Michigan. The Eastern District transferred Plaintiff's action to this Court on venue grounds. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.       Factual allegations

Plaintiff is currently incarcerated at the Lake County Residential Re-entry Program. In his *pro se* complaint, Plaintiff sues the Ingham County Correctional Facility for violating his Eighth Amendment rights.

During dinner on August 9, 2008, Plaintiff swallowed a sharp, hard object. The object became caught in his throat. Plaintiff immediately stopped eating and noticed small pieces of plastic peeling from his food tray. Plaintiff determined that he swallowed the plastic from his food tray.

On August 11, 2008, Plaintiff sent numerous kites to the Michigan Department of Corrections for medical assistance because he was experiencing lower stomach pains. He has yet to see a doctor. Plaintiff also suffers from mental anguish after eating "toxic poison" from the plastic in his food tray. (Attach. to Compl., docket #1.) Plaintiff has not eaten since this incident. He is also experiencing hunger pains.

For relief, Plaintiff requests a monetary award equal to the "county food budget." (Attach. to Compl.)

    II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's complaint seeks a monetary award equal to the "the county food budget" from the Ingham County Correctional Facility. (Attach. to Compl.) Plaintiff's claims against the Ingham County Correctional Facility fails because a jail is not a legal entity capable of being sued. *See, e.g., Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir.2002) (holding that county jail is not a legal entity susceptible to suit); *Hughson v. County of Antrim*, 707 F.Supp. 304, 306 (W.D. Mich. 1988) (concluding that county sheriff's department and county prosecutor's office are not legal entities capable of being sued); *Bernard v. Brinkman,* No. 1:07-cv-459, 2007 WL 2302354, at *3 (W.D. Mich. Aug. 8, 2007) (Kent County Correctional Facility, Kent County Sheriff's Department and Kent County Prosecutor's Office are not legal entities capable of being sued). Accordingly, I find that the Court should dismiss Ingham County Correctional Facility as a Defendant.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated: October 2, 2008                         /s/  Joseph G. Scoville
                                               United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).